{¶ 18} I respectfully dissent. In my opinion, Trooper Arnold articulated multiple factors that caused her concern. In the trooper's words:
 {¶ 19} "[W]hen I take into the totality of the circumstances surrounding the traffic stop, those indicators lead me to believe, again, that there may be some other type of criminal activity taking place."
 {¶ 20} The majority explains away each of these factors noted with its own rationale of how each individual factor is unimportant. I prefer to give deference to the officer who observed each factor in concert with the totality of all other factors and exercised her professional judgment based upon her training and experience.
 {¶ 21} The majority also expresses concern about the time involved between the stop and the canine alert, suggesting that an undue amount of time transpired. With regard to this issue, Trooper Arnold testified:
 {¶ 22} "A. The reason I asked for [a walk around by the canine] is because I felt there was criminal activity taking place other than a routine traffic stop. Given the totality [of the circumstances] while I was up at the Ford I contacted Trooper Romero, asked him to respond to my location to utilize his canine while I ran the information from the driver from his drivers [sic] license
 {¶ 23} "Q. So you never stopped the process of running information for purposes of writing and issuing a citation?"
 {¶ 24} "A. No, I did not."
 {¶ 25} This testimony suggest to me that no undue extension of time accrued between the trooper's seeking information to determine if a citation should issue and the walkaround by Trooper Romero and his canine. For these reasons, I believe that the judgment of the Lucas County Court of Common Pleas should be affirmed.